# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00112-RJC

| | |
|---|---|
| ELIZABETH BROOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 9); Plaintiff's Memorandum in Support, (Doc. No. 9-1); Defendant's Motion for Summary Judgment, (Doc. No. 10); Defendant's Memorandum in Support, (Doc. No. 11); and Plaintiff's Response in Support of Motion for Summary Judgment, (Doc. No. 15). The motions are ripe for adjudication.

**I.  BACKGROUND**

A. Procedural Background

Elizabeth Broom ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application under Title II for a period of disability and disability insurance benefits on September 29, 2011, alleging an onset date of June 4, 2011. (Doc. Nos. 8 to 8-17: Administrative Record ("Tr.") at 162). Her applications were denied first on March 26, 2012, and again on October 29, 2012 upon

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action needs to be taken pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

reconsideration. (Id. at 90, 96). Plaintiff filed a timely request for a hearing on December 27, 2017, (Id. at 100), and an administrative hearing was held by an administrative law judge ("ALJ") for the Social Security Administration on June 4, 2014. (Id. at 36–72). At her hearing, Plaintiff amended her alleged onset date of disability to April 1, 2013. (Id. at 40).

Following this hearing, the ALJ found that the Plaintiff was not disabled from April 1, 2013, through the date of the decision. (Id. 16–35). The Plaintiff requested a review of the ALJ's decision on December 31, 2014, but on February 26, 2016, the Appeals Council denied the request, therefore finalizing the Commissioner's decision. (Id. at 1–6, 14–15). See C.F.R. §§ 404.981, 416.1481.

Plaintiff exhausted her administrative remedies and this case is now before the Court for disposition of the parties' cross-motions for summary judgment. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), and Plaintiff's Memorandum in Support, (Doc. No. 9-1), were filed on September 6, 2016. Defendant's Motion for Summary Judgment, (Doc. No. 10) and Memorandum in Support, (Doc. No. 11), were filed on November 3, 2016. Plaintiff then filed a response in support of her motion for Summary Judgment, (Doc. No. 15), on December 1, 2016. The pending motions are ripe for adjudication.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. [2] Bowen

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

v. Yuckert, 482 U.S. 137, 146 n5 (1987). Plaintiff alleges that her disability began on April 1, 2013 due to chronic fatigue, joint pain, a brain tumor, thyroid tumor, vision problems, smelling problems, seizures, heart problems, and a hernia. (Tr. 75, 161).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 19–50). In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 29–30).

In reaching his decision, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since April 1, 2013, the alleged onset date. (Id. at 21). At the second step, the ALJ found that the Plaintiff had the following severe impairments: "seizure disorder, right knee and right shoulder." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one

of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (Id. at 22).

Subsequently, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "light work." In particular, the ALJ found that Plaintiff retained the RFC to perform:

> Light work as defined in 20 C.F.R. 404.1567(b) except the claimant can sit, stand and walk for six hours each in an eight hour day, [s]he can never climb ladders, ropes or scaffolds, but can occasionally climb[,] kneel, crouch or crawl. The claimant must avoid concentrated exposure to workplace hazards such as dangerous machinery and unprotected heights and can frequently reach overhead with the right upper extremity.

(Id. at 22). When making this finding the ALJ states that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.). Using this RFC, the ALJ found at the fourth step that Plaintiff could perform her past relevant work as a hairdresser. (Id. at 29–30). Plaintiff's RFC, the ALJ concluded, did not preclude her from performing her work-related activities. (Id.).

Plaintiff now argues that the ALJ failed to: (1) calculate the demands of Plaintiff's past relevant work; (2) set out the physical and mental demands of Plaintiff's past work and compare those demands with Plaintiff's RFC; and (3) take extra care considering Plaintiff's past work was considered a composite job. (Doc. No. 9-1 at 4–6). Defendant responds, arguing that: (1) Plaintiff's Work History Report included all the necessary information needed to evaluate her past relevant work; (2) Plaintiff's past work does not qualify as a composite job; (3) testimony from the Vocational Expert ("VE") clearly indicated that Plaintiff could perform her role as a hairdresser

as both actually performed and generally performed; and (4) any error in regards to Plaintiff's performance of past work as actually performed was harmless. (Doc. No. 11 at 2, 5).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456. See also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION

Plaintiff's first two arguments allege that the ALJ failed to calculate the demands of Plaintiff's past relevant work and compare them to her RFC. (Doc. No. 9-1 at 4–5). This Court disagrees. In order to determine whether a claimant may return to their past relevant work, the ALJ must ask claimant for information about that work. 20 C.F.R. § 404.1560(b)(2). Furthermore, the ALJ may choose to, but is not required to, use the services of a vocational expert ("VE") in order to gather the evidence needed to determine whether claimant may return to her past relevant work given her RFC. (Id.). Here, Plaintiff was asked for information regarding her past relevant work in the form of a work history report. (Tr. 175–77). The ALJ relied on this report and also asked Plaintiff about her past work during her hearing. (Id. at 63–64, 66). What's more, the ALJ went further by using a VE when comparing the report to Plaintiff's RFC. (Id. at 62–68). As such, the Court finds that the ALJ adequately calculated the demands of Plaintiff's past relevant work and compared those demands to her RFC.

This brings the Court to Plaintiff's chief argument. Plaintiff claims that the VE defined her past work as a "composite job," thus triggering a more rigorous step four analysis. (Doc. No. 9-1 at 6). Social Security Ruling 82-61 defines composite jobs as those having "significant elements of two or more occupations and, as such, hav[ing] no counterpart in the DOT." SSR 82-

61, 1982 WL 31387, at *2 (S.S.A. 1982) [hereinafter *SSR 82-61*]. "Because a composite job has no equivalent in the DOT, 'the ALJ must find the Plaintiff capable of performing the composite job only if he or she can perform all parts of the job' as it was actually performed." Taylor v. Colvin, No. 1:14CV629, 2015 WL 4726906, at *4 (M.D.N.C. Aug. 10, 2015) (unreported) (citing Shealy v. Colvin, No. 8:13–2383–RMG, 2015 WL 467726, at *12–13 (D.S.C. Feb. 4, 2015) (unreported)). When making this determination, the ALJ must explain his reasoning. Shealy, 2015 WL 467726, at *12 (finding "that the ALJ failed to properly explain his reasoning for finding the job of 'order clerk' to be past relevant work for Plaintiff as opposed to finding it to be part of a composite job."). Upon review of the record, the Court finds that the ALJ did not adequately explain whether or not Plaintiff's past relevant work qualified as a composite job.

Prior to the testimony of the VE, Plaintiff stated that she worked as a salon manager for Barber's Hair Styling for Men. (Tr. 63). This included styling hair as well as cleaning, taking care of the staff, hiring employees, and firing employees. (Id.). Additionally, in her Work History Report, Plaintiff described her experience as an area supervisor for the Regis Corporation, which bought out Plaintiff's former employer, Barber's. (Id. at 63–64, 176). She described this job as "checking on Smart Styles in Super Walmart's," which involved hiring and firing employees, setting up stores, and checking on paper work. (Id.).

As mentioned by Defendant, after Plaintiff testified as to her experience as a salon manager, the VE stated the following:

> Starting with the hair stylist/hairdresser, let's call it hairdresser per the DOT. The DOT code is 332.271-018. It's a skilled, light job with an SVP: 6. *There is no DOT for a salon manager or a salon supervisor*. But considering she was skilled and light as a hairdresser, I think that would include, that's the best I can give you since there is no DOT for that.

(Tr. 64; Doc. No. 11 at 5) (emphasis added). The Court agrees with Plaintiff that the VE may have treated Plaintiffs past work as a composite job. The very language quoted in Defendant's brief proves this. While hairdresser has its own DOT, Plaintiff was not merely a hairdresser in her past work experience. She was a salon manager. (Id. at 63–64, 176). Social Security Ruling 82-61 explains that composite jobs "have no counterpart in the DOT." SSR 82-61 at *2. The VE specifically states, "There is no DOT for a salon manager or a salon supervisor." (Tr. 64). Furthermore, the ALJ referenced the two positions separately. After the VE testified as to the abilities of a hairdresser to fit the ALJ's hypothetical, the ALJ asked, "What about as the manager?" (Id.). The VE responded, "The manager portion of the job would be … possible, yes, with the hypothetical, yes." (Id. at 65). These two sentences of dialogue indicate that both the ALJ and VE may have treated Plaintiff's past relevant work experience as one job—that of a salon manager—comprised of two components: a hairdresser and a manager.

Had Plaintiff testified that her past relevant work experience included working as a hairdresser and a salon manager separately, the Court would not find error in the ALJ's decision. This is because the ALJ decided that Plaintiff could return to the hairdresser role specifically. (Id. at 29–30). However, Plaintiff testified that her past experience was a salon manager. (Id. at 63–64, 176). Only a portion of her work included "doing hair." (Id. at 63). The ALJ cannot separate that post into two roles— hairdresser and manager—and decide that Plaintiff can fulfill one of those roles. Taylor, 2015 WL 4726906, at *4.

The Court notes that the VE did not assign the manager portion of Plaintiff's past work with a separate DOT. Rather, the VE seemed to have separated the hairdresser portion of Plaintiff's past work only to add general managerial requirements. The Court does not find having two separate DOTs for the components of a job is determinative of what classifies a composite job. The language of Social Security Ruling 82-61 indicates that composite jobs are characterized

by having no counterparts within the DOT. SSR 82-61 at *2. Here, the position of salon manager had no such counterpart.

The Court also realizes that there are two seemingly related yet distinct concepts at play. Plaintiff contends that the VE considered her past work experience a composite job. (Doc. No. 9-1 at 6). Defendant argues that this is simply a matter of distinguishing between a job as it was actually performed versus how it is generally performed in the industry. (Doc. No. 11 at 6). Defendant cites Social Security Ruling 82-61, which states:

> A former job performed [by] the claimant may have involved functional demands and job duties significantly *in excess of those generally required* for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and / or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

SSR 82-61 at *2 (emphasis added). It is because these concepts are so related that the ALJ must explain his reasoning behind finding Plaintiff's past work either a composite job or a job that featured excess duties as actually performed. The Court hereby remands this case in order for the ALJ to provide such an explanation. If the ALJ does determine that Plaintiff's past relevant work experience qualifies as a composite job, and if the ALJ then determines that Plaintiff cannot perform her past relevant work as a salon manager—that is, fulfill both the roles as hairdresser and manager—the ALJ must then proceed to step five of the sequential analysis. Plumb v. Astrue, No. 8:10-CV-03090-RBH, 2012 WL 768058, at *6 (D.S.C. Mar. 7, 2012); see also Shealy, 2015 WL 467726, at *12 (stating that at Step 5, the ALJ may find "that Plaintiff can use skills she gained from a composite job to adjust to other work.").

## IV. CONCLUSION

The Court remands this case on the basis of the ALJ's failure to properly explain Plaintiff's past relevant work during step four of the sequential process. As it is currently written, the ALJ may have either considered Plaintiff's past work as a composite job or a job featuring excess duties

as actually performed.  If Plaintiff's past work is in fact considered a composite job, the ALJ erred by finding that Plaintiff can perform one of the job's two components.

**IT IS THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

3. The Court hereby **VACATES** the decision of the Commissioner and **REMANDS** this case for further administrative proceedings consistent with this Order; and

4. The Clerk of the Court is directed to close this case.

Signed: December 19, 2017

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.